# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**KEVIN D. COOGLE**                                                                                         **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION NO. 3:10CV-573-R**

**JOHN E. POTTER**                                                              **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiff Kevin D. Coogle filed a *pro se* complaint against John E. Potter, the Postmaster General of the United States Postal Service. He paid the filing fee and submitted a summons for John E. Potter. The Clerk of Court issued the summons and returned it to Plaintiff for service.

Under Fed. R. Civ. P. 4(i), to serve a United States officer or employee in an official capacity,[1] "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

---

[1] Although Plaintiff does not specify in which capacity (individual, official, or both) he sues Defendant Potter, review of the complaint leads this Court to conclude that Defendant Potter is sued in his official capacity, as nothing in the complaint would place Defendant Potter on notice of potential for individual liability. *See Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001). Even if Defendant Potter were sued in his individual capacity, there is no indication that Plaintiff properly served him in that capacity either. *See* Fed. R. Civ. P. 4(i)(3) (stating that to serve a United States officer or employee in an individual capacity, "a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).").

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

While the Clerk of Court issued the summons for John E. Potter, there is no proof[2] in the record that service was effected, properly or otherwise, on Defendant Potter, the United States Attorney for the Western District of Kentucky, and the Attorney General of the United States as required by Rule 4(i). Under Fed. R. Civ. P. 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff having filed his complaint on August 30, 2010, the 120-day period expired on December 28, 2010. The Court will provide Plaintiff with an opportunity to show cause for his failure to comply with the 120-day service requirement or face dismissal of the action in accordance with Fed. R. Civ. P. 4(m).

**WHEREFORE, IT IS ORDERED** that, within **21 days** of entry of this Order, Plaintiff shall show good cause for not complying with Rule 4(m)'s 120-day service requirement. Failure to respond to this Order within the allotted time period **will result in dismissal** of the action.

Date:

cc: Plaintiff, *pro se*
4413.005

---

[2] "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).